On respondent's petition for attorney fee filed June 29, attorney fee allowed September 14, 1983

In the Matter of the Compensation of
Terry L. Bond, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

BOND,
*Respondent.*

(81-01288 and 81-04848; CA A27713)

669 P2d 332

Paul J. Lipscomb, P.C., Salem, appeared for the petition.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, appeared contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

After insurer appealed the decision of the Workers' Compensation Board in this case, insurer failed timely to file a brief. Thereafter, on insurer's motion, we dismissed the appeal. Claimant seeks award of an attorney fee for his attorney's services before the appeal was dismissed.

Insurer contends that attorney fees are not authorized because in an insurer-initiated appeal claimant is entitled to fees only when the fact-finder finds that the compensation should not be disallowed or reduced. ORS 656.382(2). Insurer argues that because the appeal was dismissed, this court made no finding to that effect.

■ Generally, the Workers' Compensation Act should be interpreted in a light most favorable to the worker. *Coombs v. SAIF*, 39 Or App 293, 300, 592 P2d 242 (1979). One of the objectives of the Workers' Compensation Act is:

> "To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable." ORS 656.012(2)(b).

In determining legislative intent, a literal reading of a statute should be avoided when to do so would do violence to an obvious legislative purpose. *See Coombs v. SAIF, supra.*

In interpreting ORS 656.382(2), we look to the history and purpose of the statute, *Teel v. Weyerhaeuser Co.*, 294 Or 588, 591, 660 P2d 155 (1983), *i.e.*, to discourage harassing or wearing down a claimant through overzealous use of the appeals process. *See Bracke v. Baza'r*, 294 Or 483, 658 Pd 1158 (1983). As claimant correctly observes, an insurer could appeal, file a brief and argue the case, forcing the claimant to defend an award, and then have its appeal dismissed before we had an opportunity to "find" that compensation should not be reduced or disallowed.

■ It is implicit in our granting of a motion to dismiss an insurer-initiated appeal that claimant's compensation should not be reduced or disallowed. We hold that, in enacting ORS 656.382(2), the legislature intended that a claimant receive a

reasonable attorney's fee paid by the employer or insurer when claimant prevails, whether on the merits or because the appeal is dismissed, because the result is the same. Our holding comports with the legislative purpose stated in ORS 656.012(2)(b).

$290 attorney fee allowed.