Argued and submitted May 4, the decision of the Court of Appeals affirmed, the judgment of the trial court reversed and remanded to the trial court with instructions June 13, 1989

# CITY OF PORTLAND,
*Petitioner on Review,*

*v.*

# RICE et al,
*Respondents on Review.*

## (TC A8607-04069; CA A45554; SC S35857)

775 P2d 1371

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the petition for petitioner on review.

Janice R. Wilson, ACLU of Oregon, Inc., Portland, argued the cause for respondents on review.

FADELEY, J.

## FADELEY, J.

The question in this case is whether public records of an investigation by agents of the City of Portland (City) into a complaint of two citizens about the official conduct of certain police officers are exempt from disclosure under ORS 192.501(13),[1] a portion of the state public records law. The Portland Police Bureau's Internal Investigations Unit (IIU)[2] investigated the complaint and wrote the citizens saying the investigation was complete and no further action would be taken by IIU.

City refused the request of the citizens to inspect the relevant IIU records. The citizens petitioned the Multnomah County District Attorney to review City's denial, as provided in ORS 192.460. The district attorney ordered City to disclose the records to the citizens. City refused.

Under ORS 192.490, City sought and the trial court granted declaratory judgment that the exemption in ORS 192.501(13) protects from disclosure records of IIU investigations. City and the trial court relied only on ORS 192.501(13), as it exempts from disclosure public records concerning "[a] personnel discipline action, or materials or documents supporting that action."

The Court of Appeals reversed, holding that the records involved were not exempt because they were not records concerning a "personnel discipline action." *City of Portland v. Rice,* 94 Or App 292, 765 P2d 228 (1988). We

---

[1] ORS 192.501 (13) provides in pertinent part:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505 unless the public interest requires disclosure in the particular instance:

"* * * * *

"(13) A personnel discipline action, or materials or documents supporting that action." (Formerly codified as ORS 192.500(1)(m).)

"Public record" is defined in ORS 192.410(4) which provides in pertinent part:

"As used in ORS 192.410 to 192.505:

"* * * * *

"(4) 'Public record' includes any writing containing information relating to the conduct of the public's business, prepared, owned, used or retained by a public body regardless of physical form or characteristics."

[2] After February 1989 this unit is known as a division.

granted City's petition for review and affirm the Court of Appeals.

In 1985 appellants Rice and Rutledge filed a complaint with IIU of the Portland Police Bureau about the handling and investigation of a residential burglary which they had previously reported. The complaint related to the courtesy of the officers investigating the burglary report, the completeness of the work by the officer who was the primary investigator of that report, and the accuracy or truthfulness of statements made by the police officer who documented the police activity in the report. IIU completed its investigation of the citizen complaint but did not refer the matter to higher authority or make any disciplinary recommendations to the separately established Police Committee, which, the parties stipulated, alone has power to impose discipline. City of Portland Code § 3.20.140.

In 1986 appellants requested copies of all records and documents pertaining to the investigation of their complaint. The request was denied even after the district attorney ordered disclosure in June of 1986. After trial on stipulated facts, including a stipulation that IIU had no power to impose discipline, the circuit court declared the requested records exempt.

The legislative policy concerning public records is expressed in ORS 192.420 which provides: "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." Disclosure for inspection on request is the general rule to which expressly provided exemptions are the exceptions.

■ The policy mandating disclosure of public records is historically strong and pervasive in Oregon. *See, e.g., Pace Consultants v. Roberts,* 297 Or 590, 687 P2d 779 (1984) (distinguishing between a complaint made to the Labor Commissioner, which was not expressly declared exempt by the statute relevant in that case, and material gathered in investigating that complaint, which was); *Ayers v. Lee Enterprises Inc.,* 277 Or 527, 561 P2d 998 (1977) (holding that, under statute in effect at time of publication, a police report showing name and address of rape victim was a public record, not exempt from disclosure, and that newspaper publication of the

information in the "public record" did not tortiously invade right to privacy); *MacEwan v. Holm,* 226 Or 27, 359 P2d 413 (1961) (mandating disclosure of State Board of Health records showing radiation to which Oregonians were exposed even though the investigation and a final report on the subject were not yet completed).

When the legislature adopts an exemption to disclosure of public records, that policy is diminished. Our task, however, is to determine and declare the legislature's meaning in the exemption adopted. No issue other than the meaning of "a personal discipline action or materials or documents supporting that action" has been raised by City at any point of this proceeding.

■ City contends that "a personnel discipline action" means the entire process from the initial question or complaint through a final conclusion, whether or not that process resulted in taking or recommending any disciplinary sanction.

The apparent meaning of the statutory words negates that argument. The use of the singular article "A" in the phrase implies that one specific action is meant. The word "supporting" is not a synonym of "relating to." The phrase "supporting that action" imparts that an action has occurred. But even if we yield to City's argument that the word "action" brings ambiguity to the statute, and seek information from the legislative history of its enactment, as we now do, City's contentions fare no better.

City contends the Court of Appeals erred by adding words to the exemption subsection enacted by Oregon Laws 1985, chapter 813, section 1, by reading it in conjunction with section 2. These sections were contemporaneously adopted by the legislature as parts of the same act.

Subsection (13) of ORS 192.501, the exemption at issue, was added to the list of pre-existing exemptions in the public records statutes by Oregon Laws 1985, chapter 813, section 1. Section 2 of that same act was new statutory language providing:

"No copy of a personnel discipline action that has been communicated orally or in writing to the employe and subsequently reduced in severity or eliminated through collective bargaining, grievance or personnel process shall be placed or otherwise retained in the personnel file of the employe unless agreed to by the employer and employe."

This new section used the same words, "personnel discipline action," that are used in section 1 and clearly contemplates those words to mean a disciplinary punishment that has been meted out in fact. The word "action" in context means the imposition of a disciplinary sanction. "Action," a noun as used, does not mean the process while it is underway nor a complaint which has been filed but not yet processed.

When interpreting a statutory term, no error is committed by comparing two uses of the same term contained in the same legislative act. The Court of Appeals made such a comparison; it did not "add words" to the exemption section. Legislative history provides no reason to question the interpretative result.

The meaning which the Court of Appeals and this court ascribes is further bolstered by the meaning of similar terms as used in other personnel-related statutes or personnel regulations of public bodies. While we are mindful of the principle that a statutory definition applies to the statute sections to which it specifically refers,[3] the legislature, when it adopted the exemption in 1985, may be presumed to have been aware of other pre-existing statutes and those statutes' use of the term "action" in conjunction with discipline. *See Pace Consultants v. Roberts, supra,* 297 Or at 595. The words "a personnel discipline action" appear to be words of art which are used uniformly, albeit with some variation in the form, to mean the completed process and the sanction of discipline imposed upon a public employee.[4]

---

[3] *Chapman Bros. v. Miles-Hiatt Investments,* 282 Or 643, 646, 580 P2d 540 (1978).

[4] For example, ORS 236.350(2) partly defines "disciplinary action" to mean "any action taken against a police officer by a public employer for the purpose of punishing the officer * * *." This statute was enacted in 1979. The definition expressly applies to ORS 236.360, which in pertinent part provides:

"(1) No disciplinary action shall be taken against a police officer without just cause.

"(2) A public employer that intends to take disciplinary action shall:

"(a) Notify the police officer in writing of the charges against the officer and the proposed disciplinary action; and

"(b) Provide the police officer with an opportunity to respond to the charges at an informal hearing which may be recorded, with the person or persons having authority to impose the proposed disciplinary action."

It is clear that a completed action imposing a sanction is meant in this usage. ORS

City's argument that it is unwise to disclose an investigation, but not so a sanction, misses the point.[5] The Portland Police Bureau's Internal Investigations Unit record is a "public record" subject to disclosure unless expressly exempt. No exemption exists for the records of the investigation, which did not result in any disciplinary sanction.

The circuit court is reversed. The Court of Appeals is affirmed. The case is remanded to the circuit court with instructions to enter a judgment consistent with this opinion.

---

240.560, relating to state employees and adopted in 1977, provides in part:

"(1) A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board * * *.

"* * * * *

"(3) If the board finds that the *action* complained of was taken by the appointing authority [for certain prohibited reasons] the employe shall be reinstated to the position and shall not suffer any loss in pay.

"(4) In all other cases, if the board finds that the *action* was not taken in good faith for cause, it shall order the immediate reinstatement * * * of the employee in the position without the loss of pay. The board in lieu of affirming the *action*, may modify it * * *." (Emphasis added.)

The personnel rules for Management Service employees in Oregon's Executive Department require written notification of "disciplinary action" in all instances. Personnel Rule 8-1-200 (4)(c) requires that the notice state, among other things, the "[a]ction being taken" whether "[s]uspension, demotion, reduction in pay, removal from management service or dismissal" and "[t]he specific day the action takes effect." Personnel Rule 8-1-300(3) applies to discipline of classified unrepresented employees and is to the same effect.

"Action" is consistently used to mean the imposition of a disciplinary sanction, not an investigation of facts which does not, and, in this case, could not, directly result in imposing a sanction. Public records of such an investigation are not exempt from disclosure.

[5] City argues that the public interest would best be served if the actual discipline taken and the sanction imposed are publicized and if investigations not resulting in a sanction remain secret. City argues that the public is more interested in information about punishments than about a process which does not result in any sanction. City argues that, under our interpretation, some pressure is put on public administrators to impose sanctions so that secrecy results. The opposite argument is just as persuasive. Pressure is put on an administrator to whitewash and impose no sanction if secrecy is accorded the investigation of a potentially embarassing incident so long as no sanction is imposed. The policy intended by the legislature, which we enforce, protects the public employee from ridicule for having been disciplined but does not shield the government from public efforts to obtain knowledge about its processes. *See Dept. of Air Force v. Rose,* 425 US 352, 376-77, 96 S Ct 1592, 1606, 48 L Ed 2d 11, 30 (1976). In any event we do not review legislation for wisdom but rather for legislative meaning.