Argued and submitted November 13, 1989, resubmitted In Banc February 7, affirmed on petition and on cross-petition July 18, 1990

In the Matter of the Compensation of
Richard L. Short, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Mead Corporation,
*Petitioners - Cross-Respondents,*

*v.*

Richard L. SHORT,
*Respondent - Cross-Petitioner,*

*and*

## KEMPER GROUP INSURANCE,
*Respondent - Cross-Respondent.*

(85-15198, 85-15197, 85-12701; CA A51178)

795 P2d 118

Stafford J. Hazelett, Portland, argued the cause and filed the briefs for petitioners - cross-respondents.

Brian R. Whitehead, Salem, argued the cause and filed the brief for respondent - cross-petitioner.

Jerry Keene, Portland, argued the cause for respondent cross-respondent. With him on the brief was Roberts, Reinish & Klor, P.C., Portland.

EDMONDS, J.

Buttler, J., specially concurring.

## EDMONDS, J.

Employer seeks review of a Workers' Compensation Board order awarding compensation to claimant on his aggravation claim and assessing penalties and attorney fees for employer's failure to pay compensation. We affirm.[1]

Claimant filed an occupational disease claim for "tennis elbow" in his right arm on February 7, 1980. Temporary disability benefits were paid, and the condition was declared stationary on April 4, 1980. In 1984, claimant suffered an aggravation and was off work for three days.[2] Employer paid claimant's medical expenses, but denied payment of temporary disability benefits. The referee upheld the employer's denial and claimant sought Board review. The Board awarded temporary disability benefits and assessed penalties and attorney fees against employer, pursuant to ORS 656.262(10), holding that, "because claimant had previously received time loss benefits for this condition, he had already satisfied the three-day waiting period set forth in *former* ORS 656.210(3)."[3] Employer seeks review, arguing that the Board erred in awarding benefits for the three-day time loss.

ORS 656.210(3) provides:

"No disability payment is recoverable for temporary total disability suffered during the *first three calendar days* after the worker leaves work as a result of the *compensable injury* unless the total disability continues for a period of 14 days or the worker is an inpatient in a hospital." (Emphasis supplied.)

ORS 656.005(7)(a) defines "compensable injury" as

"an accidental injury, * * * arising out of and in the course of employment requiring medical services resulting in disability or death * * *."

ORS 656.273(1) provides:

---

[1] Claimant cross-petitions for review of the Board's denial of temporary disability benefits. There is substantial evidence to support the Board's findings, and we affirm on the cross-petition.

[2] The report of claimant's doctor indicated a three-day release from work. Claimant testified that he could not remember exactly how many days he was off, but he thought that it was five to seven days. There is substantial evidence to support the Board's finding that claimant was off work for three days.

[3] ORS 656.210(3) is still in effect in its original version.

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

"Aggravation" is defined in OAR 436-60-005(1) as

> "the worsened condition of an injured worker which is a medically verified increase in seriousness or severity of a condition arising from an industrial injury to the worker since the last award or arrangement of compensation for that industrial injury."

◼ Employer argues that an injured worker's absence from work must exceed three days before he is entitled to temporary disability benefits by reason of an aggravation because, under ORS 656.263(6), an aggravation claim is processed in accordance with the provisions of ORS 656.262 that apply to an original claim. However, ORS 656.210(3) can also be reasonably interpreted, when read with ORS 656.273(1), to limit the three-day waiting period only to original injury claims, because (1) the statute refers only to a compensable injury and (2) the legislature could have easily added the words "or aggravation" after "compensable injury" had it intended a broader application.

◼ When statutory language lends itself to more than one interpretation, we can look to legislative history to identify the context in which it was adopted as an aid to resolving the ambiguity, *City of Portland v. Rice,* 94 Or App 292, 296, 765 P2d 228 (1988), *aff'd* 308 Or 118 (1989). However, the legislative history of ORS 656.210(3) is not dispositive. There is an indication that the three-day period was added to reduce the cost of administering the workers' compensation system by excluding coverage for a large number of insignificant temporary injuries. *See* Minutes, House Committee on Labor and Management, January 18, 1965, pp 2-3. That purpose may apply to insignificant aggravations as well as to insignificant initial injuries. However, the history also indicates strong opposition to the adoption of any three-day waiting period. Before adding the three-day waiting period in 1965, Oregon was the only state requiring a one-cent employee contribution and allowing claims of disability without a waiting period. Both the House Labor and Management and Senate Labor and Industries Committees discussed whether to add any

waiting period at all, because the unique provisions were thought to offset each other. There was also testimony supporting elimination of the three-day waiting period from the bill altogether.[4] It can be inferred from the history that the legislature intended that "compensable injury" meant only the original injury.

■    Our inquiry, then, is to determine how the legislature would have intended the statute to be applied, had it considered the question. *Security State Bank v. Luebke,* 303 Or 418, 737 P2d 586 (1987). To answer that inquiry, we look to the language used, the statutory objective and any other evidence of the intended meaning. ORS 174.010. *State v. Parker,* 299 Or 534, 704 P2d 1144 (1985).

■    Generally, the Workers' Compensation Law should be interpreted in a light most favorable to the worker. *SAIF v. Bond,* 64 Or App 505, 506, 669 P2d 332 (1983). Looking at the

---

[4] Jim Marr, AFL-CIO secretary, spoke to the House Labor and Management Committee and pointed out:

"We are the only state which does not have a waiting period, but we are also the only state where the employees make a contribution. Half the employees contribution goes to a retroactive relief fund. The other half goes to for general administration.

"The cost of the three-day waiting period to employers in Oregon is about $450,000, about half of the amount the employees are contributing."

*See* Minutes House Committee on Labor and Management, January 18, 1965.

On February 25, 1965, the Committee Chair moved to eliminate the three-day waiting from the bill altogether, but the motion failed. *See* Minutes, House Committee on Labor and Management, February 25, 1965. Later, the Senate Committee on Labor and Industries struggled with the same issue:

"Mr. Marr stated he would like subsection 14 removed completely, which would eliminate the three-day waiting period. Mr. Marr said he realized Oregon is the only state that does not have a waiting period, but Oregon is the only state where the employee makes a one cent contribution for the purpose of not having a waiting period, which amounts to about $850,000 a year. But the employers want to use this for pre-existing disabilities.

"* * * * *

"Mr. Marr objected to the half cent that is being used for pre-existing disability and second injury. He feels it should be used to offset the three-day waiting period.

"Senator Hallock asked Mr. Gill if this half cent would cover the time loss costs for the three-day waiting period and Mr. Gill said it would. Approximately $353,000 a year would be saved administratively by having a three-day waiting period. And a large amount of these is retroactive, that is, a lot of the people hurt will be paid for these first three days anyway, if they go into the hospital or if they are unable to return to work within 14 days." Minutes, Senate Committee on Labor and Industries, March 18, 1965.

language of ORS 656.210(3), its statutory companion, and its legislative history in the light most favorable to the worker, we conclude that had the legislature intended to require a worker to incur more than one three-day waiting period without compensation relating to the same injury, it would have expressly said so.

Affirmed on petition and on cross-petition.

**BUTTLER, J.,** specially concurring.

Although I concur with the majority's result, I do so for very different reasons, and the reasons are important ones. The majority affirms the Board, because it concludes that ORS 656.210(3) does not apply to aggravation claims.

Clearly, it does. It provides that no temporary total disability payment is recoverable during the first three days "after the worker leaves work as a result of the compensable injury, unless the total disability continues for a period of 14 days or the worker is an inpatient in a hospital." An aggravation is a worsened condition "resulting from the original injury[,]" ORS 656.273(1), rather than a new injury. If a worker leaves work as a result of a worsening, he "leaves work as a result of the compensable injury." ORS 656.210(3). In other words, the worsening is a continuation of the original compensable injury, *see Drews v. EBI Companies,* 310 Or 134, 795 P2d 531 (1990), and, for that reason, the five-year aggravation period is not extended. Therefore, ORS 656.210(3) is applicable.

The only real question presented by the parties and by the Board's decision is whether a worker who leaves work as a result of an aggravation of a compensable injury is entitled to temporary total disability compensation for the first three days if the total disability does not continue for a period of 14 days or he is not an inpatient in a hospital. The answer is no, unless the worker fulfills one of those requirements either following the original compensable injury or following an aggravation of that injury. In either case, the severity of the injury will have been established for the purposes of the statute.

In this case, claimant was totally disabled for more than 14 days as a result of his original compensable injury and received total disability compensation for all days during

which he was off work at that time. Therefore, he has fulfilled the literal requirements of the statute and is entitled to temporary total disability compensation for all of the days that he was totally disabled as a result of his compensable injury, including those that resulted from the aggravation. That is what the Board held, and it is right.

Accordingly, I would affirm for those reasons.

Joseph, C. J., and Newman and Riggs, JJ., join in this concurring opinion.