Argued and submitted April 13, 1990, affirmed February 20, 1991

In re Contempt of
Lieutenant Mariane Heisler,

STATE OF OREGON,
*Respondent,*

*v.*

Lieutenant Mariane HEISLER,
*Appellant.*

(8905-32750; CA A60912)

806 P2d 1154

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the briefs for appellant.

Martin W. Reeves, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Contemnor, who is the keeper of the records of the Portland Police Bureau's Internal Investigation Division (IID), was held in contempt for refusing to turn over certain IID records to Carter, the defendant in a pending criminal case. We affirm.

Carter was arrested by Portland Police Officer Berry on June 11, 1988, for riot and disorderly conduct. On August 2, 1988, while a television broadcaster was interviewing Carter, Berry called Carter a "dirt bag" over his police car's loudspeaker. The incident prompted an IID investigation of Berry.

While the criminal case was pending, Carter served a subpoena *duces tecum* on IID to produce all records relating to its investigation of the August 2 incident. Contemnor moved to quash the subpoena on the ground that Carter had not made a showing that the requested information was material and favorable to his defense. At the hearing on the motion to quash, the court noted that Carter had not made any showing and allowed him an additional day to do so. Carter filed an affidavit. The court then ordered that the IID file be submitted for an *in camera* inspection. Contemnor complied with the order and the court, after inspecting the file, ordered contemnor to release to Carter a list of all persons at the scene of the incident and any statements of Berry "pertaining to" that incident. Contemnor refused to turn the material over to Carter. The court entered a judgment of contempt, under ORS 33.010(1)(e), that contemnor had wilfully violated the court's order.

On appeal, contemnor contends that the motion to quash should have been granted, because Carter had not made an appropriate showing. However, the order for contemnor to give the material to Carter was based on the court's *in camera* inspection of the file. Contemnor obeyed the court's order to submit the file for *in camera* inspection, and the sufficiency of Carter's affidavit is now irrelevant to contemnor's appeal of the judgment.

The district attorney was required by ORS 135.815(1) and the Due Process Clause of the federal constitution to disclose certain information to Carter. *See Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). Under ORS

135.873, a court may deny or restrict disclosure and may conduct a private *in camera* inspection of the material to see if there is good cause for regulation of disclosure.

The question in this case, whether statutory or constitutional discovery should be denied or restricted, arises because ORS 192.501(13) exempts certain records of disciplinary action from disclosure under the Public Records Law. *City of Portland v. Rice,* 308 Or 118, 775 P2d 1371 (1989). The private *in camera* inspection by the trial judge is designed to accommodate the needs of discovery and the needs of confidentiality. *See State ex rel Carlile v. Lewis,* 310 Or 541, 800 P2d 786 (1990).[1] The issue is the same whether the information is sought by a motion for discovery or by subpoena.

■ ■ In order for the court to undertake an *in camera* inspection, a defendant in a criminal case must show that the information is discoverable under ORS 135.815(1) or is favorable to him and material to guilt or punishment. If the trial court concludes that a sufficient showing is made, then it will order the material submitted for an *in camera* inspection, which must be done outside the presence of the parties and their counsel. *State ex rel Carlile v. Lewis, supra.* The order for *in camera* inspection may be challenged by appealing an order of contempt for refusing to obey or by mandamus. *State v. Crenshaw,* 307 Or 160, 764 P2d 1372 (1988). If, however, the order for *in camera* inspection is obeyed, it cannot be collaterally attacked in an appeal from a judgment of contempt for refusal to obey a different order.

■ We are reviewing a judgment of contempt. Contemnor could establish that her conduct is not contemptuous by showing that she has a right to disobey, because the order to turn over records is invalid. *See State v. Crenshaw, supra; State ex rel Mix v. Newland,* 277 Or 191, 560 P2d 255 (1977). Because she obeyed the order requiring submission of the IID file for *in camera* review, she is left with a challenge to the

---

[1] Public records that concern disciplinary actions are exempt from disclosure, if a disciplinary action is recommended or imposed. *City of Portland v. Rice,* 94 Or App 292, 765 P2d 228 (1988), *aff'd* 308 Or 118, 775 P2d 1371 (1989). Contemnor argues that Berry received a reprimand and, therefore, the records are exempt. However, no "reprimand" appears in the record. The state submitted an affidavit with its brief saying that there was a reprimand. We decline to supplement the record in that fashion.

order after the *in camera* inspection that certain material must be disclosed. She makes only scant reference to that order and makes no attempt to demonstrate that the trial court was wrong when, after the *in camera* inspection, it concluded that the material must be disclosed. Because contemnor has not established that the order she disobeyed was invalid, the judgment of contempt is valid.

Affirmed.