Argued and submitted December 2, 1991, affirmed July 8, reconsideration denied September 2, petition for review denied September 29, 1992 (314 Or 391)

In the Matter of the Emancipation of
Kenneth Jay Adams, a Minor.

STATE ex rel JUVENILE DEPARTMENT
OF COLUMBIA COUNTY,
*Respondent,*

*v.*

Kenneth Jay ADAMS,
*Appellant.*

(J4942; CA A69541)

834 P2d 492

Robert P. Van Natta, St. Helens, argued the cause for appellant. With him on the brief was Van Natta & Petersen, St. Helens.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

Durham, J., dissenting.

## DEITS, J.

Appellant child appeals a juvenile court order denying his motion to set aside a decree of emancipation. He argues that the decree should be invalidated, because the court failed to hold a preliminary hearing as required by ORS 109.560(1). We affirm.

On June 18, 1990, the juvenile court held a hearing on a petition alleging that child was within the court's jurisdiction on the basis that he had committed assault in the fourth degree and was beyond the control of his parents. During the hearing on the petition, the trial court, child, his parents and his attorney all discussed whether child should seek emancipation. As the trial court later explained at the hearing on child's motion to set aside the emancipation decree:

> "[A]t the [June 18, 1990] hearing then the disposition was [that] the petition be held open pending emancipation. That obviously, — *that was at the time the discussion of emancipation and rights, duties, consequences, et cetera were discussed as to whether he should or shouldn't because that was the matter presented to the court at that time.* In other words, he must be emancipated, he can be on his own, out from under his parents, I can go ahead and handle the juvenile matter. *These matters were discussed, and the best way to do it, at his age and under the circumstances, is to be emancipated.*
>
> "* * * * *
>
> "[A] preliminary hearing on the [child's] application for emancipation, so the record is clear, was not held. The discussion with the court [on June 18, 1990,] was that application for emancipation would be filed. The court, the juvenile court judge, the parents, his attorney, met and based thereon[,] a petition was filed, or an application for emancipation, and thereafter the Decree of Emancipation was signed." (Emphasis supplied.)

On June 18, the court issued an order holding open the petition for juvenile court jurisdiction pending emancipation.

On August 6, 1990, child filed an application for emancipation under ORS 109.555(1).[1] He stated in the

---

[1] ORS 109.555(1) provides:

application:

> "I further wish to be emancipated since I have proceedings pending before the Columbia County Juvenile Court[,] which may be dismissed after I become emancipated, as evidenced by order of the Honorable Donald L. Kalberer, a copy of which is attached hereto and by this reference incorporated herein."

Accompanying child's application was a written waiver of the final hearing. It was signed by child and his parents and stated:

> "[A]pplicant and * * * the natural mother and father * * * request that the court grant a decree of emancipation *immediately*." (Emphasis supplied.)

The court granted the request for emancipation. It found:

> "(1)   Both the applicant and * * * the natural father and natural mother of the minor, have waived a final hearing in this matter; and

> "(2)   That the minor, Kenneth Jay Adams, has been advised of the civil and criminal rights and liabilities of an emancipated minor; and

> "(3)   That the best interests of the minor will be served by emancipation.

> "IT IS THEREFORE, ORDERED AND DECREED that KENNETH JAY ADAMS is emancipated effective the date of this Decree."

After the issuance of the emancipation decree, the juvenile court jurisdiction petition was dismissed; on October 2, 1990, child was indicted on six counts of sexual abuse. He then moved to set aside the decree. He argued that the

---

"(1) A juvenile court, upon the written application of a minor who is domiciled within the jurisdiction of such court, is authorized to enter a decree of emancipation in the manner provided in ORS 109.565. A decree of emancipation shall serve only to:

"(a) Recognize the minor as an adult for the purposes of contracting and conveying, establishing a residence, suing and being sued, and recognize the minor as an adult for purposes of the criminal laws of this state.

"(b) Terminate as to the parent and child relationship the provisions of ORS 109.010 until the child reaches the age of majority.

"(c) Terminate as to the parent and child relationship the provisions of ORS 109.053, 109.100, 419.513, 419.515 and 419.519."

preliminary hearing required by ORS 109.560(1) was never held and that, as a consequence, the court did not advise him of his rights and liabilities or recite the advice in the decree as required by ORS 109.560(4). Child contended that, because the preliminary hearing may not be waived, the emancipation order was invalid. The juvenile court denied the motion, holding that the preliminary hearing was waivable and had been waived.

ORS 109.560 provides the procedures applicable to an emancipation proceeding:

"(1) The juvenile court shall conduct a preliminary hearing on the minor's application for emancipation within 10 days of the date on which it is filed. At the time of the preliminary hearing, the court may issue a temporary custody decree, stay any pending proceedings or enter any other temporary order appropriate to the circumstances. No action of the court pursuant to this subsection may be extended beyond the date set for a final hearing.

"(2) The final hearing shall be held no later than 60 days after the date on which the application is filed.

"(3) Notice to the parent or parents of the applicant shall be made pursuant to ORS 419.486.

"(4) At the preliminary hearing, the court shall advise the minor of the civil and criminal rights and civil and criminal liabilities of an emancipated minor. This advice shall be recited in the decree of emancipation.

"(5) The hearing mentioned in subsection (2) of this section may be waived by the minor and parent or parents.

"(6) A reasonable filing fee not to exceed $50 shall be set by the court for each application for emancipation."

Child argues that the juvenile court erred in denying his motion to set aside the emancipation decree, because the preliminary hearing on the petition for emancipation could not be waived. He notes that subsection (4) of ORS 109.560 specifically provides that the final hearing may be waived by the minor and his or her parents. He reasons that the absence of similar language regarding the preliminary hearing compels the conclusion that the preliminary hearing may not be waived. We disagree.

■ The absence of language concerning the waiver of the preliminary hearing creates an ambiguity in the statute. In construing an ambiguous statute, the purpose of the legislation must be followed, if it can be determined. ORS 174.020; *Liberty Northwest Ins. Corp. v. Short*, 102 Or App 495, 499, 795 P2d 118 (1990). As the language of the statute indicates, the purpose of the preliminary hearing is to insure that the juvenile court promptly deals with any preliminary issues that need immediate attention. The court may "issue a temporary custody decree, stay any pending proceedings or enter any other temporary order appropriate to the circumstances." ORS 109.560(1). Also, the court must advise the child at that time of the civil and criminal rights and liabilities of an emancipated minor. ORS 109.560(4). Obviously, the purpose is to make certain that the child understands what the emancipation petition is all about.

Although a preliminary hearing was not held in this case, the objectives of the hearing were satisfied. At the June 18 hearing, which was held before the filing of the emancipation petition, the trial court did take preliminary action by staying the juvenile proceedings pending the resolution of the emancipation petition. Further, as the trial court found in its order granting the petition for emancipation, child was advised of the civil and criminal rights and liabilities of an emancipated minor at the June 18 hearing. We see no reason why, under the circumstances, the preliminary hearing could not be waived.

■ Child argues alternatively that, even if the preliminary hearing could be waived, he did not do so. However, in his petition for emancipation, he requested that "the court grant a decree immediately." That constituted a waiver of the preliminary hearing. The trial court did not err in denying child's request to set aside the decree of emancipation.

Affirmed.

**DURHAM, J.**, dissenting.

The majority holds that the preliminary hearing required by ORS 109.560(1) may be, and was, waived by the minor's request that the court grant a decree of emancipation "immediately." I dissent, because both of those conclusions are incorrect.

ORS 109.560[1] requires both a preliminary and a final hearing on a minor's application for emancipation. Subsection (1) requires the court to conduct the preliminary hearing within 10 days after the filing of the application for emancipation. Subsection (4) requires the court to advise the minor at the preliminary hearing of the minor's criminal and civil rights and liabilities and to recite that advice in the decree of emancipation. Subsection (5) expressly authorizes a waiver of the final hearing, but the statute does not provide that the preliminary hearing may be waived.

The majority concludes that the absence of a provision authorizing waiver of the preliminary hearing renders the statute ambiguous. I disagree. We must construe the statute as a whole, relying primarily on its express terms. *See McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410 (1992). The inclusion of a waiver provision concerning the final hearing and the omission of a waiver provision concerning the preliminary hearing is strong evidence that the legislature did not intend to authorize waiver of the preliminary hearing.

"Ordinarily, when the legislature includes an express provision in one statute, but omits such a provision in another statute, it may be inferred that such an omission was deliberate." *Oregon Business Planning Council v. LCDC*, 290 Or 741, 749, 626 P2d 350 (1981).

---

[1] ORS 109.560 provides:

"(1) The juvenile court shall conduct a preliminary hearing on the minor's application for emancipation within 10 days of the date on which it is filed. At the time of the preliminary hearing, the court may issue a temporary custody decree, stay any pending proceedings or enter any other temporary order appropriate to the circumstances. No action of the court pursuant to this subsection may be extended beyond the date set for a final hearing.

"(2) The final hearing shall be held no later than 60 days after the date on which the application is filed.

"(3) Notice to the parent or parents of the applicant shall be made pursuant to ORS 419.486.

"(4) At the preliminary hearing, the court shall advise the minor of the civil and criminal rights and civil and criminal liabilities of an emancipated minor. This advice shall be recited in the decree of emancipation.

"(5) The hearing mentioned in subsection (2) of this section may be waived by the minor and parent or parents.

"(6) A reasonable filing fee not to exceed $50 shall be set by the court for each application for emancipation."

The purpose of the preliminary hearing also supports my conclusion. The majority is partially correct in stating that the purpose "is to make sure that the child understands what the emancipation petition is all about." In addition, it is designed to make a record of the court's oral advice to the minor at the hearing, to enable the court to file a decree of emancipation that recites the court's advice and to add a desirable air of solemnity to the emancipation proceeding.

The legislature imposed the requirements for the protection, not only of the minor, but also of the persons or entities who might have business with the minor after emancipation. The preliminary hearing, record and decree requirements were designed not only to inform the minor of the consequences of emancipation, as the majority acknowledges, but also to foreclose an objection from anyone that the court did not fully apprise the minor of those consequences. The majority's decision undermines the legislature's intention, because it effectively eliminates those requirements.

The majority discounts the problems because, in its opinion, "the objectives of the hearing were satisfied" in this case.[2] 114 Or App at 138. Even assuming that those objectives were satisfied, we cannot make the same assumption for future cases. However, the majority errs in suggesting that the legislature's objectives were met. Contrary to ORS 109.560(1), no preliminary hearing occurred. The state invites us to assume that the court discussed the consequences of emancipation with the minor on June 18, 1990, during a hearing on another juvenile court petition. I accept that assumption only for the sake of argument, but that hearing occurred many weeks before the emancipation application was filed on August 6, not within 10 days of the filing. Although the court recited on this record that the consequences of emancipation "were discussed" at the earlier hearing, we have no record of that discussion. The decree of emancipation recites

---

[2] The majority does not explain why that is relevant to its analysis, which authorizes the minor to *waive* the preliminary hearing. If it is waived, no one has a duty to conduct it. Whether the minor and the court have substantially complied with a requirement that has been waived is irrelevant.

"[t]hat the minor, Kenneth Jay Adams, *has been advised* of the civil and criminal rights and liabilities of an emancipated minor * * *." (Emphasis supplied.)

Contrary to ORS 109.560(4), it does not recite the advice given. In short, neither the record nor the decree of emancipation fulfills statutory requirements.

Even assuming that a preliminary hearing can be waived, the majority errs in concluding that the minor waived it here. A waiver is an intentional relinquishment of a known right. *Drews v. EBI Companies*, 310 Or 134, 150, 795 P2d 531 (1990); *see Moore v. Mutual of Enumclaw Ins. Co.*, 113 Or App 574, 833 P2d 1310 (1992). The minor and his parents filed a document that recited that they

"*waive a final hearing* in this emancipation proceeding and request that the court grant a decree of emancipation *immediately*." (Emphasis supplied.)

That is not a waiver of the preliminary hearing; neither is anything else in the record. The court is not free to omit the preliminary hearing required by statute because the minor and his parents request that the court emancipate the minor immediately.

The minor sought to nullify the emancipation decree, because he was charged with crimes as an adult and desired the perceived advantages of juvenile court adjudication of those matters. I have no sympathy for that motive. However, he is correct that the emancipation procedure employed here violated ORS 109.560(1) and (4). Those requirements cannot be waived. They were promulgated for the protection of the public as well as of the minor. Emancipation is a status created by statute, and it can come into existence only after compliance with statutory requirements. Because they were not satisfied, the decree of emancipation was a nullity.

I dissent.