PAEZ, Circuit Judge,
dissenting.
I respectfully dissent.
The majority’s judgment rests on an incorrect interpretation of Oregon state law. The federal constitutional right clearly established by Cox — and the cases Cox relies on — is that a due process name-clearing hearing is required when placement of stigmatizing information in a public employee’s personnel file constitutes publication. 359 F.3d at 1112. “Publication” is determined not by dissemination, but by whether the governing state law classifies an employee’s personnel file as a public record. Id. Here, the governing state law clearly classified Boggs’s personnel file as a public record not subject to any exemptions from disclosure, and thus it was clearly established that the placement of the stigmatizing report in his file implicated his liberty interest and triggered his right to due process. Id.; Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (declining to rehire may be “termination” for liberty interest purposes).
In the context of this case, there are two distinct “clearly established” questions that must be analyzed sequentially: 1) the clearly established constitutional right, and 2) whether the governing state law was clearly established such that officials had notice of whether due process protections were triggered in a given factual circumstance. Here, the constitutional right at issue is the right to a name-clearing hearing when placement of stigmatizing information in a public employee’s personnel file constitutes publication. Cox, 359 F.3d at 1112. Whether it was clearly established under Oregon’s public records law such that officials would be on notice that a personnel file was a public record when stigmatizing information was placed in it is a question of state law.
Oregon law favors disclosure as the rule and classifies an employee’s personnel file as a public record. Although Oregon law recognizes a personnel discipline exemption from disclosure, under ORS 192.501(12), the exemption does not apply when a public employee resigns during an employer investigation or in lieu of disciplinary action. City of Portland v. Rice, 308 Or. 118, 775 P.2d 1371, 1373-74, n. 4 (1989) (“ ‘Action’ is consistently used to mean the imposition of a disciplinary sanction, not an investigation of facts which does not ... directly result in imposing a sanction. Public records of such an investigation are not exempt from disclosure.”). Thus, because Boggs resigned from his position, albeit under threat of termination, there was no exemption from the public disclosure of Boggs’s records. Id. at 1373-74; ORS 192.490(1). Notably, Defendants later came to the correct conclusion that Boggs’s personnel file was indeed a public record because it was not subject to the discipline exemption. Testimony at an evidentiary hearing in Boggs’s other civil case — permitted as evidence in this case — clearly shows that Defendants Sowle *671 and Hoover were on notice that Boggs’s file and the investigation report were a public record. Reading the complaint in the light most favorable to Boggs, he alleged publication of “false, defamatory-statements” as early as February 5, 2007 — months before any disclosure to the press, and in conjunction with his attempt to revoke his forced resignation. A reasonable inference from this allegation is that by “publication” he meant placement of the stigmatizing information in his personnel file, which was a public record. Even if the fact of placement of the stigmatizing information in the file is disputed, Defendants are not entitled to qualified immunity on those grounds. That is an issue that should be resolved at trial.
The majority errs in its analysis that Oregon law “makes employment records public upon resignation but not when there is disciplinary action” and that Boggs’s employment record was “definitively classified as a public record” on May 10, 2007, when he filed a civil suit and his resignation “became final.” Mem. 2-3 (emphasis added). Boggs’s record was not a private document that became a public one by his resignation or by filing his lawsuit. Under Oregon law, employment records are public by default, subject to certain conditional exemptions.[1]
The facts alleged in Boggs’s complaint support two distinct violations of Boggs’s due process rights. The first is the publication of the report by its placement in Boggs’s personnel file in January or February 2007, in conjunction with his forced resignation and the county’s refusal to reinstate him. As demonstrated above, these facts are sufficient to implicate Boggs’s liberty interest and his clearly established constitutional right to a name-clearing hearing. Cox, 359 F.3d at 1110-12. The second is the widespread dissemination of the stigmatizing charges after Boggs’s termination via the May 2007 release of his employment records in response to media requests. I agree with the district court that this later dissemination warrants a temporal nexus analysis under Campanelli and Tibbetts. But this is not the only set of factual circumstances alleged in Boggs’s eomplaint, and Cox makes clear that publication of an employee’s file as a public record available upon demand — not necessarily dissemination to the media or widespread public disclosure — is sufficient to implicate a public employee’s liberty interest and his right to a due process name-clearing hearing. 359 F.3d at 1111-12.
For these reasons, I respectfully dissent. Boggs’s federal constitutional right to a name-clearing hearing when stigmatizing *672 information was placed in his personnel file was clearly established as of 2004. Cox, 359 F.3d at 1112. Oregon public records law was clearly established such that officials had notice that his personnel file would be public, and thus placement of the stigmatizing information constituted publication. I would hold that the Defendants are thus not entitled to qualified immunity.
I would also reverse the district court’s grant of Defendant Stewart’s motion to dismiss because the district court erred by considering matters outside the pleadings and because, for the reasons stated above, the decision cannot be affirmed on the basis of the qualified immunity analysis. Jackson v. S. California Gas Co., 881 F.2d 638, 642-43 (9th Cir.1989).

. The majority also asserts that Oregon law is ambiguous as to whether Boggs's record was public given his forced resignation, rejected attempt to withdraw his resignation, and the lingering "prospect” of disciplinary action. Mem. 3. Oregon law is not ambiguous on this point. See Rice, 775 P.2d at 1373-74. Indeed, the following paragraph from the Attorney General’s Public Records and Meetings Manual 41, (2005), served to put public officials faced with a situation exactly like the one here on notice that Boggs’s personnel file was a public record:
ORS 192.501(12) conditionally exempts: A personnel discipline action, or materials or documents supporting that action[J
Only completed disciplinary actions when a sanction is imposed, and materials or documents that support that particular disciplinary action, fall within the scope of this exemption. (Citing Rice, 775 P.2d 1371.) The exemption does not apply when an employee of a public body resigns during an employer investigation or in lieu of disciplinary action. The policy underlying this narrowly construed exemption is to "protect[ ] the public employee from ridicule for having been disciplined but does not shield the government from public efforts to obtain knowledge about its processes.” (Citing id. at 1374, n. 5.)