Argued and submitted March 25, reversed and remanded with instructions
December 7, 1988, reconsideration denied January 27, petition for review allowed
March 7, 1989 (307 Or 514)

**CITY OF PORTLAND,**
*Respondent,*

*v.*

**RICE et al,**
*Appellants.*

**(A8607-04069; CA A45554)**

765 P2d 228

Janice R. Wilson, ACLU of Oregon, Inc., Portland, argued the case for appellants. With her on the briefs was Lindsay, Hart, Neil & Weigler, Portland.

Thomas R. Williams, Deputy City Attorney, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this public records disclosure case, ORS 192.410 *et seq,* defendants appeal from a declaratory judgment that the records they sought from the Portland Police Bureau's Internal Investigations Unit (IIU) are exempt from public disclosure under ORS 192.501(13),[1] *formerly* ORS 192.500(1)(m). We reverse.

The case was tried on stipulated facts. Defendants, victims of a burglary, filed a complaint with IIU concerning the handling and investigation of the burglary by the officers involved. The complaint alleged that (1) the officers were discourteous, (2) the primary investigator's work was incomplete and (3) statements made by the investigator were untruthful. IIU investigated the complaint and concluded that the investigation had been thorough and in accordance with the police bureau's policies and that the investigator's reports were "extremely complete." It also found that the information about the other allegations was conflicting, and so there was insufficient evidence to support the complaint. Defendants then sought copies of IIU's records pertaining to the investigation of their complaint, as well as a letter from the district attorney's office described in the police report of the burglary. The Bureau refused to turn over the records on the ground that they were exempt from public disclosure under ORS 192.501(13). Defendants petitioned the district attorney to review the denial. *See* ORS 192.450; ORS 192.460. They also filed an appeal with the Police Internal Investigations Auditing Committee (PIIAC).[2] The district attorney granted defendants' petition and ordered the records released. The City of Portland then brought this declaratory judgment action to enjoin disclosure of the records. The trial court found that the letter described in the police report did not exist and held that the IIU records were exempt from disclosure.

ORS 192.420 gives every person the right to inspect

---

[1] ORS 192.501(13) exempts "a personnel discipline action, or materials or documents supporting that action," unless "public interest requires disclosure in the particular instance." In view of our disposition, we do not reach the public interest disclosure issue.

[2] City of Portland Code, § 3.21.040, gives the PIIAC the power to monitor independently the police bureau's internal investigative process.

any public record of a public body, except as expressly provided by statute. That right has been broadly construed, and the exemptions from disclosure are narrowly construed. *Pace Consultants v. Roberts,* 297 Or 590, 594, 687 P2d 779 (1984); *Lane County School District v. Parks,* 55 Or App 416, 420, 637 P2d 1383 (1981), *rev den* 293 Or 103 (1982). The city has the general burden of sustaining its denial of defendants' request. ORS 192.490(1); *Morrison v. School District No. 48,* 53 Or App 148, 152, 631 P2d 784, *rev den* 291 Or 893 (1981). It must establish that the requested information falls within the claimed exemption. The initial inquiry is what the exemption set out in ORS 192.501(13) encompasses.

ORS 192.501 provides, in pertinent part:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505 unless the public interest requires disclosure in the particular instance;

"* * * * *

"(13)   A personnel discipline action, or materials or documents supporting that action[.]"

The city argues that the ordinary meaning of the phrase "personnel discipline action" refers to records relating to a "disciplinary process" regardless of whether the investigation results in the imposition of a sanction. Defendants contend that a sanction must be imposed by a body authorized to impose sanctions for police misconduct before the records are exempt. They concede that, if the IIU investigation had resulted in a recommendation that the police officers involved be disciplined *and* if the separate disciplinary committee[3] had imposed sanctions, then the records of the *disciplinary committee* alone would fall within the exemption. They also concede that, if the disciplinary committee had *requested* an investigation and imposed sanctions as a result of the findings, the records would also fall within ORS 192.501(13).

The city's interpretation would effectively change the words of the statute from "discipline action" to "investigative

---

[3] The Chief of Police has delegated to the IIU the authority and responsibility for investigating complaints of alleged police misconduct. However, the IIU has no authority to impose disciplinary sanctions. City of Portland Code, § 3.20.140, provides for a separate disciplinary committee, consisting of five superior officers in the Bureau, appointed by the Chief of Police to "hear any charges brought against any [officer] referred to the committee."

process." The legislature used language similar to that suggested by the city's interpretation in enumerating several other subsections of ORS 192.501. *See e.g.* ORS 192.501(9), exempting "investigatory information relating to any complaint or charge filed under ORS 243.676 and 663.180[.]" However, in subsection 13, it chose only to exempt "a personnel *discipline action,*" which ordinarily denotes correction or punishment for misconduct.

■    When statutory language lends itself to more than one interpretation, as it does here, we turn to its legislative history for helping to identify the context in which it was adopted as an aid to resolving ambiguity. The "personnel discipline action" exemption, proposed in Senate Bill 704, was added to Oregon's Public Records Law in 1985. Or Laws 1985, ch 813, § 1. Public disclosure of personnel discipline records was originally raised by a union representing public employes. The union was concerned that the public records law was undercutting collectively bargained procedures that required public employers to remove a written reprimand from an employe's personnel file if it were subsequently reversed or reduced to an oral reprimand as a result of a grievance or arbitration proceeding. Tape recording, Senate Labor Committee, April 21, 1985, Side B at 217. In later proceedings on the proposed legislation the bill was amended to also exempt personnel discipline actions from disclosure under the Public Records Law.

Or Laws 1985, ch 813, § 2, was codified as ORS 240.750, which provides:

> "No copy of a personnel discipline action that has been communicated orally or in writing to the employe and subsequently reduced in severity or eliminated through collective bargaining, grievance or personnel process shall be placed or otherwise retained in the personnel file of the employe unless agreed to by the employer and the employe."

■    That statute and the "personnel discipline action" exemption were apparently intended to protect employes from having their records of discipline actions exposed to public inspection. Here, the IIU, on the basis of facts presented, determined that the officers had complied with the police bureau procedures. No *discipline* was recommended or imposed as a result of IIU's investigation. Consequently, the

records produced by IIU in this case cannot be "a personnel discipline action, or materials or documents supporting that action." Under the facts of this case, the IIU records sought by defendants do not fall within the claimed exemption.

Reversed and remanded with instructions to enter a judgment not inconsistent with this opinion.