Argued and submitted January 4, affirmed in part; reversed in part and remanded
July 3, 1991

May Francis DAVIS,
*Appellant,*

*v.*

Richard D. WALKER,
Mariane I. Heisler
and the Portland Police Bureau,
*Respondents.*

(A8908-04605; CA A63526)

814 P2d 547

David W. Owens, Portland, argued the cause for appellant. With him on the brief was Bruce W. Cordon, P.C. & Associates, Portland.

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals an order of the trial court denying her request for injunctive relief against the Portland Police Bureau (Bureau), Chief Walker, and Lieutenant Heisler, Bureau's records custodian. Plaintiff had sought an injunction ordering them to disclose public records, to provide her an opportunity to inspect and copy the original records and to prohibit them from charging fees in excess of the actual cost for copying the record. *See* ORS 192.410 - ORS 192.505. She also sought attorney fees. On *de novo* review, we reverse the trial court's decision upholding the fees charged and its denial of attorney fees; otherwise, we affirm.

Plaintiff filed a complaint with the Internal Investigations Division (IID) of Bureau, charging police misconduct in an incident between her and members of Bureau. In August, 1988, she requested access to records concerning IID's investigation of the complaint. Bureau denied her request on the ground that the records are exempt from public disclosure under ORS 192.501(13) and ORS 192.502(2).[1] She then filed a petition for disclosure with the district attorney. ORS 192.460. However, because the parties were aware that an appeal was pending in *City of Portland v. Rice,* 94 Or App 292, 765 P2d 228 (1988), which involved some of the same issues, it was agreed that the district attorney's review of the petition would be suspended until that decision issued.

In *Rice,* decided December 7, 1988, we held that IID files are exempt from disclosure under ORS 192.501(13) only if the investigation results in a disciplinary sanction. 94 Or App at 296-97. On the basis of that decision, the district attorney concluded that the records were not exempt because the IID investigation revealed either that plaintiff's complaints were unfounded or that the officers' conduct was

---

[1] ORS 192.501(13) exempts "[a] personnel discipline action, or materials or documents supporting that action." ORS 192.502(2) exempts

"[i]nformation of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

justified. Therefore, no disciplinary sanction was recommended or imposed. In addition, he concluded that the records were not exempt under ORS 192.502(2) as "information of a personal nature." Accordingly, he ordered Bureau to disclose the records.

However, Bureau did not comply. Instead, it petitioned for review of *Rice*. On June 13, 1989, the Supreme Court affirmed our decision. *City of Portland v. Rice*, 308 Or 118, 775 P2d 1371 (1989). In response to that decision, Bureau issued Standard Operating Procedure 18 (SOP 18), a set of rules for processing records disclosure requests. Under SOP 18, no inspection of original documents is allowed, because of the confidential nature of IID files, but Bureau provides copies on request. If the files include both exempt and non-exempt material, Bureau edits out the exempt material. ORS 192.505.[2]

On June 22, 1989, Bureau notified plaintiff that the records would be disclosed, but only according to the procedures in SOP 18. It stated a copying fee, payable in advance, plus an unspecified amount for editing out any other information exempted by statute.[3] Plaintiff then filed the present action for injunctive relief and attorney fees, both of which were denied by the trial court.

■       Plaintiff's first assignment of error is to the trial court's finding that the fees charged to provide edited copies of public records are "reasonable and necessary to reimburse it for its actual cost in making these records available, in light of the time consumed by the police bureau's limited staff and capabilities." Under ORS 192.440(3), a public body "may establish fees *reasonably calculated to reimburse it for its actual cost* in making such records available including costs for summarizing, compiling or tailoring such record, either in

---

[2] ORS 192.505 provides:

"If any public record contains material which is not exempt under ORS 192.501 and 192.502, as well as material which is exempt from disclosure, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination."

[3] For example, IID is obligated to edit out material that is not disclosable even under the Public Records Law, such as information about confidential reliable informants, medical records and detoxification records. *See, e.g.,* OEC 510; ORS 192.525; ORS 426.460(5).

organization or media, to meet the person's request."
(Emphasis supplied.)[4] Accordingly, the statute places the
burden on the public body to show that the fees are reason-
ably related to its actual costs. *See* 39 Op Att'y Gen 721,
725-26 (Or 1979).

SOP 18 provides that fees will be computed accor-
ding to an established fee schedule, authorized by ordinance
and used by all Bureau divisions, in making public records
available. *See* PCC § 3.20.360. In addition, Heisler testified
that she computed the editing costs pursuant to the account-
ing procedure for services performed by city personnel stated
in PCC § 5.48.030.[5] However, the officer also testified that no

---

[4] Plaintiff cites ORS 192.490(1) as authority for the rule that Bureau has the
burden of proving that the fees were reasonably calculated to reimburse it for its
actual costs. Although the proposition is correct, the citation to ORS 192.490(1) is
not. It provides, in part:

"In any suit filed under ORS 192.450, 192.460, 192.470 or 192.480, the court
has jurisdiction to enjoin the public body from withholding records and to order
the production of any records *improperly withheld* from the person seeking
disclosure. The court shall determine the matter de novo and *the burden is on the
public body to sustain its action.*" (Emphasis supplied.)

The statute refers to the burden placed on an agency to justify withholding public
records, in the light of the public's general right to inspect them. ORS 192.420. It
does not refer either to the agency's authority to charge copying fees or to its burden
to sustain the fees. Copying charges are provided for in ORS 192.440.

[5] Portland City Code § 5.48.030 provides, in part:

"Unless the charge for services performed for private persons or governmental
agencies other than the City is specifically fixed by the Charter, by action of the
Council or by the Commissioner In Charge, all such services shall be charged for
on the basis of actual costs, which shall be computed as follows:

"(1) Labor.

"A. The amount for salaries and wages shall be either:

"1. Actual time computed at the applicable hourly payroll rate when the
services being provided require less than the full time of an employee on an
annual basis, or

"2. Annual salary including vacation, sick leave, holiday and other leave
with pay when the services being provided require the full time of an employee
on an annual basis.

"B. To the amount for salaries and wages computed under paragraph A 1
above, add for the indirect cost of vacation, sick leave, holiday and other leave
with pay and for the cost of disability, retirement and insurance as follows:

"1. For other than sworn police personnel add 39 percent of salaries and
wages.

"2. *For sworn police personnel add 42 percent* of salaries and wages for
labor provided at straight time. Add only 15 percent for labor provided at
overtime rates.

study had been conducted to determine the actual cost of providing public records. Although it is reasonable to assume that the actual cost includes not just the materials to make photocopies but also the labor time to edit and copy the documents, there is no specific support for the figures charged by Bureau. Therefore, even though the fees are authorized by ordinance, we conclude that Bureau has not carried its burden to show that the fees are reasonably calculated to reimburse it for its *actual costs.* The trial court erred in upholding the fees as reasonable.

■    Plaintiff's second assignment of error is the trial court's finding that SOP 18 is a valid regulation, because it "is reasonably necessary for the protection of said [public] records and to prevent interference with [Bureau's] duties." ORS 192.430(2). She contends that Bureau failed to show that it had complied with the Public Records Law, because it would only allow inspection of edited copies. However, the right to examine public records does not require inspection of an original document that contains information that is exempt from disclosure. ORS 192.505. The trial court did not err.

■    We turn to plaintiff's argument that the trial court erred when it found that Bureau "sufficiently complied with the Oregon Public Records Law review procedures under the circumstances of this case" and, therefore, denied her request for attorney fees. If the district attorney orders an agency to disclose a public record, the agency must comply with the order within seven days, unless within that time it gives notice of its intention to institute proceedings for injunctive or declaratory relief and files the action within seven days after the notice. If the agency fails to do so, the plaintiff is entitled to attorney fees, whether or not she prevails at trial. ORS 192.490(3).

Plaintiff argues that Bureau's decision to file a petition for review in *City of Portland v. Rice, supra,* in lieu of

---

"C. To the amount for salaries and wages computed under paragraph A 2 above, add only for disability, retirement and insurance as follows:

"1. For other than sworn police personnel add 21 percent of salaries and wages.

"2. *For sworn police personnel add 23 percent* of salaries and wages provided at straight time only." (Emphasis supplied.)

instituting proceedings in the present case, cannot be considered compliance with ORS 192.490(3). We agree. Bureau concedes that it did not comply with the disclosure order within seven days, give notice of intent to challenge the order or file a challenge. It also concedes that literal application of ORS 192.490(3) requires an award of plaintiff's costs and attorney fees. Nevertheless, it contends that it would have been duplicative to challenge the order when there was another case raising the same question pending before the Supreme Court.

Bureau's argument ignores the fact that *Rice* was a different case, involving different parties. Moreover, that case could dispose of only *one* of the issues in the present case: that personnel discipline actions are only exempt if a sanction is imposed. Here, Bureau had also refused disclosure on the ground that the records were exempt under ORS 192.502(2), because they contained "personal" information. That exemption was not at issue in *Rice.* Although Bureau finally complied with the order here, it did not do so according to the procedures required by statute. The statute is clear and unambiguous. The trial court erred in denying plaintiff's request for attorney fees.

Reversed as to decision upholding fees charged and denying attorney fees and remanded for proceedings not inconsistent with this opinion; otherwise affirmed.