Argued and submitted July 19, 1995, reversed and remanded March 13, petition for
review denied May 28, 1996 (323 Or 265)

## Michael GRAY,
*Appellant,*

*v.*

## SALEM-KEIZER SCHOOL DISTRICT,
*Respondent,*

*and*

## Homer KEARNS,
*Defendant.*

## (94C-10633; CA A86274)

912 P2d 938

William D. Stark argued the cause and filed the brief for appellant.

William G. Paulus argued the cause for respondent. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Deits, Presiding Judge, and Landau and Haselton, Judges.

HASELTON, J.

Deits, P. J., concurring.

.

## HASELTON, J.

Plaintiff, an applicant for teaching positions with defendant Salem-Keizer School District (the District), appeals from a judgment dismissing his action pursuant to Oregon's Inspection of Public Records laws. ORS 192.410 *et seq.* The trial court concluded that certain "negative reports" in plaintiff's job application file were exempt from disclosure under ORS 192.502(3). We reverse and remand.

In 1992, and again in 1993, plaintiff, who has 20 years of teaching and coaching experience in other school districts, applied for positions with the District. Plaintiff was not interviewed for either opening. Thereafter, District personnel, including defendant Kearns, the District's superintendent, told plaintiff that there were "negative"[1] reports or references in his application file, but that those documents did not concern anything "moral or criminal."

In November 1993, plaintiff requested access to his application file. ORS 192.420.[2] In his request, plaintiff stated that he had "no objection to having the names and identifying information excluded from the letters of reference." When the District did not respond to his request, plaintiff filed a petition for production of public records with the Marion County District Attorney, pursuant to ORS 192.450 and ORS 192.460.[3] That petition sought production of

---

[1] We use the adjective advisedly. It appears that all parties and participants — including District personnel and, ultimately, the district attorney and the trial court — described or characterized the references as "negative." However, based on our own *in camera* inspection of the documents, we are less certain of that characterization.

[2] ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."

[3] ORS 192.450(1) provides, in part:

"[A]ny person denied the right to inspect or to receive a copy of any public record of a state agency may petition the Attorney General to review the public record to determine if it may be withheld from public inspection. The burden is on the agency to sustain its action."

ORS 192.460 provides that, in actions seeking records from public bodies other than state agencies, the district attorney of the county in which the public body is located performs this function of the Attorney General.

"[a]ll documents in Mr. Gray's application file, including the contents of letters of reference from previous employers, as well as the contents of letters or any information from other professionals or persons who have contributed to this file."

The District thereafter supplied the district attorney with a copy of plaintiff's file and asserted that two reports provided by persons who had previously worked with plaintiff were exempt from disclosure under ORS 192.502(3). That statute provides:

"The following public records are exempt from disclosure under ORS 192.410 to 192.505:

"* * * * *

"(3) Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by disclosure."

On January 3, 1994, the district attorney opined that the two reports were exempt from disclosure under ORS 192.502(3):

"The School District has made a showing that the reports were submitted to the public body in confidence. The reports were forms sent by the School District to individuals who had worked with Mr. Gray in the past. It is clear that these individuals were not required by law to complete and return the forms. Further, it is my opinion that the public interest at stake is the need to provide candid information to school districts so that the best possible hiring decisions can be made for every teaching position. * * * Consequently it is my decision that all negative reports concerning Mr. Gray are exempt from disclosure."

On January 14, 11 days after the district attorney's opinion, the District mailed plaintiff's file, with the exception of the two disputed references, to his attorney. In his transmittal letter, the District's counsel acknowledged: "As I read [the district attorney's opinion], all other documents in [plaintiff's] file are subject to disclosure."

In February 1994, plaintiff filed a complaint under the Inspection of Public Records laws, demanding disclosure of the disputed references. Plaintiff also sought attorney fees, pursuant to ORS 192.490(3), because of the District's failure to timely disclose file materials. ORS 192.490(3) provides, in part:

"If the state agency failed to comply with the Attorney General's[4] order in full and did not issue a notice of intention to institute proceedings pursuant to ORS 192.450(2) within seven days after issuance of the order, or did not institute the proceedings within seven days after issuance of the notice, the petitioner shall be awarded costs of suit at the trial level and reasonable attorney fees regardless of which party instituted the suit and regardless of which party prevailed therein."

Plaintiff and the District subsequently filed cross-motions for summary judgment. In support of its motion, the District submitted the affidavit of E. Susan Gourley, the District's director of human resources. That affidavit stated, in part:

"6.   * * * I hereby reaffirm that there was a clear understanding between the district and those individuals that the information being provided would be treated as confidential and not disclosed to Mr. Gray. As Director of Human Resources it is my position and the position of the defendants that the need to accurately assess a candidate's background, skills, and abilities, is crucial to a school district in the hiring process, and it is accepted and understood throughout the education profession that confidential references will be sought, provided and used in the hiring process. Mr. Gray is not being treated differently than any other person who may wish to examine similar confidential information.

"7.   Those two documents were submitted to the District voluntarily by the authors and neither of them were under any legal obligation, statute, rule, contract or otherwise to provide this information.

"8.   The information was used in determining Mr. Gray's potential employment with the District and such information is of a nature which reasonably should be kept

---

[4] In this case, the district attorney's order was the equivalent of an Attorney General's order, pursuant to ORS 192.460.

confidential. If it were subject to public disclosure, the informants would be less than candid in their reports to prospective employers, and in this instance, the District would not be fully able to analyze the applicant's background, his past performance, whether he would be a suitable employee for the District, and whether there is a good likelihood that he would succeed in the position.

"9.    If such information is subject to disclosure, the District could never be assured that the informant would be providing accurate background data on the applicant. For this reason the identified documents fall fairly within the exemption set forth in ORS 192.502(3).

"10.    In the administration of my office and in my dealings with references and past employers of prospective employees, I believe the District has obligated itself in good faith not to disclose the information. Because of the need to hire qualified personnel who are capable of performing the job requirements of Salem-Keizer School District the disclosure of the requested information would cause harm to the public interest."

After examining the documents *in camera*, ORS 192.490(1), the court entered summary judgment for the District, ruling that the two references were exempt from disclosure under ORS 192.502(3).[5]

The court also denied plaintiff's claim for attorney fees under ORS 192.490(3):

"I feel that the School District has acted in good faith. It is my understanding that they have released all of the other materials to Mr. Gray and only retained these two references. Based upon the reasonableness of the School District's act, the Court feels that attorney's fees are not appropriate and therefore they shall be denied."[6]

---

[5] In its letter opinion and judgment, the trial court referred to the statute as ORS 192.503(3), rather than ORS 192.502(3). That statute does not apply and was not pleaded; consequently, we assume that the court's reference was a typographical error.

[6] The court's original judgment, entered in September 1994, was not an appealable final judgment because it did not dispose of all claims and judgment was not entered pursuant to ORCP 67 B. After plaintiff appealed from that judgment, this court gave the trial court leave to enter a final judgment clarifying its disposition. ORS 19.033. The ensuing final judgment, entered in November 1995, granted summary judgment for the District, denied plaintiff's request for attorney fees, and granted defendant Kearns' motion to be dismissed as a party. Plaintiff filed an amended notice of appeal from the entry of that judgment against the District only. Thus, defendant Kearns is not a party to this appeal.

Plaintiff argues that the trial court's judgment that the documents were exempt under ORS 192.502(3) was erroneous for two reasons: First, the Gourley affidavit did not conform to the requirements of ORCP 47 D[7] in that it included averments that were not based on Gourley's personal knowledge and were, thus, incompetent. Consequently, plaintiff asserts, the affidavit was legally insufficient to support summary judgment. Second, even if the Gourley affidavit was competent, it did not demonstrate the prerequisites for exemption under ORS 192.502(3).

■ We reject petitioner's first argument because it was not adequately preserved for our review. In particular, plaintiff's summary judgment pleadings did not object to the admissibility of the Gourley affidavit. Moreover, the record on appeal does not include a transcript of the oral arguments to the trial court; consequently we cannot determine if plaintiff raised any ORCP 47 D objection at that time. *See Hickey v. Settlemier*, 318 Or 196, 206 n 9, 864 P2d 372 (1993). Finally, although plaintiff's counsel attempted to remedy those record deficiencies by filing an affidavit with this court, such unilateral, after-the-fact attempts at record repair based on counsel's recollections are unavailing. *Accord* ORAP 3.05(4) (providing that "parties may file an *agreed* narrative statement in lieu of or in addition to a transcript or audio record") (emphasis supplied).

■ We turn, then, to whether the Gourley affidavit establishes the prerequisites for exemption under ORS 192.502(3). We note, at the outset, that Oregon's Inspection of Public Records laws, ORS 192.410 *et seq*, operate under a strong presumption of disclosure. *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 37, 791 P2d 854 (1990). ORS 192.420 provides that "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." Here, the District does not challenge

---

[7] ORCP 47 D provides, in part:

"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein."

its status as a public body; nor does it argue that the documents that plaintiff seeks are not public records. Rather, it contends that the documents fall within a statutory exemption from disclosure. Such exemptions are to be narrowly construed, in a manner that promotes simple, quick, and largely uniform application and that furthers the general rule favoring disclosure. *Id*. The public agency bears the burden of justifying exemptions from disclosure. ORS 192.490(1).

■    The particular exemption at issue here, ORS 192.502(3), pertains to documents submitted to a public agency in confidence. In determining whether that exemption applies, we find persuasive, and, thus, refer to, the cogent five-part test for exemption set out in the *Attorney General's Public Records and Meetings Manual*:

"1.    The exemption applies only to information which is submitted voluntarily when the informant is under no legal obligation, by statute, rule, contract, or otherwise, to provide the information.

"2.    The agency must be in a position to show that the information was of a nature which reasonably should be kept confidential.

"3.    The agency must show that it has obliged itself in *good faith* not to disclose the information.

"4.    Disclosure must cause harm to the public interest.

"5.    The person must have, in fact, submitted the information in confidence." *Attorney General's Public Records and Meetings Manual*, 41 (1993) (emphasis in original).

Public bodies invoking ORS 192.502(3) must satisfy each requirement to justify nondisclosure.[8]

---

[8] *See, e.g., Sadler v. Oregon State Bar*, 275 Or 279, 282-84, 550 P2d 1218 (1976) (communications to Oregon State Bar were not exempt from disclosure, despite potential harm to the public interest, where there was no evidence that any individuals who submitted complaints about an attorney did so on the condition, or with the understanding, that the complaints would be kept confidential); *Premier Technology v. Oregon State Lottery*, 136 Or App 124, 134-35, 901 P2d 883 (1995) (documents containing results of security investigations of video lottery terminal manufacturers are exempt from disclosure under the requirements of ORS 192.502(3)); *Jensen v. Schiffman*, 24 Or App 11, 18, 544 P2d 1048 (1976) (public body, which provided no evidence of a promise of confidentiality, did not meet its burden under *former* ORS 192.500(2)(c)).

Plaintiff contends that summary judgment was erroneous because the Gourley affidavit was insufficient to demonstrate any, much less all, of the requirements for exemption. For example, plaintiff contends that Gourley and the District, as the recipient of the information, could not know whether the information was submitted voluntarily or whether the source of the information did, in fact, submit it in confidence. However, those arguments partake of the same ORCP 47 D "lack of personal knowledge"/incompetence objection that plaintiff failed to preserve. Absent such an objection, and without any contradictory evidence, the Gourley affidavit's averments that the two documents were "submitted to the District voluntarily by the authors" and that "there was a clear understanding between the district and those individuals that the information being provided would be treated as confidential" must be accepted at face value. Similarly, Gourley's uncontroverted statements that the District "obligated itself in good faith not to disclose the information" and that, given current school employment practices, the information was of a sort that "should reasonably be considered confidential," must be taken as true. Accordingly, we conclude that the Gourley affidavit sufficiently established the first, second, third, and fifth requirements of the test for exemption.

We conclude, however, that the District failed to demonstrate the remaining condition for exemption, *i.e.*, that the "public interest would suffer by disclosure" of the withheld material. Gourley's affidavit states that confidentiality is essential if the District is to receive candid reports by which to evaluate potential employees. If those recommendations were subject to public disclosure, the District argues, the public interest in employing suitable teachers and administrators would suffer because of the potential chilling effect of disclosure on the willingness of former employers or others to provide candid information about such applicants.[9]

■ Conversely, plaintiff asserts that he has a legitimate interest in knowing the contents of his application

---

[9] Notwithstanding the seeming breadth of its "public interest" justification, we note that the District did not resist disclosure of all references in plaintiff's file. Rather, the District claimed exemption only for the "negative" references.

file, and that such an interest is consistent with "the strong and enduring policy that public records and governmental activities be open to the public." *Guard Publishing Co.*, 310 Or at 39. Although an individual's purpose or motivation for seeking public records is generally immaterial to whether the documents are subject to disclosure, *id.* at 35 n 1, those motivations may evince some broader public interest in disclosure. Here, plaintiff seeks the information that caused the District to deny him an interview so that he can verify, and possibly challenge, its accuracy. Plaintiff argues that, without such access to their files, individuals can be denied employment because of false accusations or irrational or discriminatory reasons — and that, in turn, harms the public interest in ensuring unbiased, fair and informed hiring decisions by public agencies.

■  The parties thus advance competing views of the public interest. The dispute is not factual in the sense that either party submitted evidence controverting the factual bases of the other's "public interest" arguments. Rather, each party contends that, as a matter of law, the balance of the competing interests and, hence, of the public interest, must be struck in its favor:

> "Ultimately, of course, it is for the courts to decide whether the [justification for nondisclosure] is reasonable and to weigh the benefits accruing to the agency from non-disclosure against the harm which may result to the public if such records are not made available for inspection." *MacEwan v. Holm*, 226 Or 27, 46, 359 P2d 413 (1961).

We conclude that the District's anti-"chilling effect" interest does not, and cannot, justify withholding the complete content of the documents at issue here. Those documents are reference forms, which solicit responses to an array of open- and close-ended questions. The first seven questions ask respondents to rate the applicant's professional skills and personal characteristics — *e.g.*, "knowledge of curriculum and subject matter," "classroom management," "ability to meet public" — on a "1 to 10" scale. The next three questions ask: "How long have you supervised the applicant?" "What are the applicant's strengths?" and "What, if any, weaknesses have you observed in this applicant?" The final questions asks

respondents to check "yes" or "no" to three subparts: "If you had a vacancy in your school system, would you: (a) Be eager to secure this teacher's services? (b) Seek more desirable applicants before hiring this teacher? (c) Hire this teacher only in an emergency?" The form also has space for additional comments. Finally, the form has a signature line with spaces for telephone number and "position."

The only potentially source-identifying information in the two disputed references is the respondents' answers to "How long have you supervised the applicant?", which describe details of their association with plaintiff, and respondents' names, telephone numbers and positions. Nothing in the respondents' substantive responses reasonably reveals, or tends to reveal, their identities.

To the extent that the District's "chilling effect" concern is well-founded, that concern can only pertain to sources' names or to information tending to disclose their identities. We perceive no reason — and the District offered none — why the disclosure of the reference forms, with source-identifying information deleted, would deter future sources from submitting candid evaluations to the District. *See Sadler v. Oregon State Bar*, 275 Or 279, 284, 550 P2d 1218 (1976). Conversely, the public interest would not suffer, but would be served, because disclosure of nonsource-identifying material would reduce the potential for basing hiring decisions on secret, unrebuttable allegations or innuendo.

We note, moreover, that the Inspection of Public Records laws explicitly recognize that document disclosure is not an "all-or-nothing" proposition:

> "If any public record contains material which is not exempt under ORS 192.501 and 192.502, as well as material which is exempt from disclosure, the public body shall separate the exempt and nonexempt material and make the nonexempt material available for examination." ORS 192.505.

Thus, the District was not entitled to withhold the two reference forms in their entirety, and the trial court erred

in concluding otherwise.[10] The district must disclose the reference responses, deleting respondents' names, addresses, positions, and answers to "How long have you supervised the applicant?"

Plaintiff also assigns error to the trial court's denial of attorney fees under ORS 192.490(3), arguing that the District released the nonexempt documents 11 days after the district attorney's decision, rather than the seven days mandated by that statute.

■■ The trial court denied fees because of the District's "good faith" and "reasonableness" in disclosing the documents. Plaintiff argues, and we agree, that the District's good faith is immaterial. The statute's seven-day deadline is unambiguous and is to be strictly applied. *Davis v. Walker*, 108 Or App 128, 134, 814 P2d 547 (1991). The District argues, nevertheless, that ORS 192.490(3) is inapposite because the district attorney's opinion did not "order" the District to disclose anything. The District asserts that the district attorney's letter pertained only to the two references, and did not mention or order disclosure of the other documents, which defendant released to plaintiff 11 days later.

The District's position blinks reality. Plaintiff initially sought disclosure of his entire file, and the District refused to release anything. Later the District claimed exemption for the two references but continued to withhold

---

[10] Our disposition does not resolve whether the public interest would suffer by disclosure of source-identifying information. Because of the particular circumstances of this case, where the substance of the reference responses is not source-identifying, we need not decide that question. As noted, in initially seeking disclosure, plaintiff expressly disclaimed any interest in "identifying information." 139 Or App at 558. Moreover, at oral argument, plaintiff's counsel stated:

"We have allowed the court to consider an alternative, which the United States Supreme Court has used, which is to in some cases not include the name of the person who contributed the information but to provide the content of the information to the applicant, or in the Supreme Court case, somebody who was getting evaluations from peers at universities.

"It's our position that either alternative is satisfactory that, in this particular case all the information would be appropriate, or secondarily, the content of the information would be appropriate. We'll leave it open that there may be some cases where the names of people may not be appropriate, but we don't consider in any case that a person applying to a public agency should be denied access to information."

the remaining file materials. Ultimately, the district attorney, in considering plaintiff's petition for production of the complete file, sustained the District's claim of exemption on two documents. The unmistakable import of the district attorney's order was that the District was obligated to disclose the entire file except for the two references. Indeed, the District conceded the plain meaning of that ruling in its January 14 cover letter belatedly transmitting plaintiff's file: "As I read [the opinion], all other documents in his file are subject to disclosure." Given that understanding, the District cannot now claim that the district attorney's order was unclear, or that failure to expressly order disclosure of the non-exempt documents precludes the application of the seven-day time limit of ORS 192.490(3). Consequently, the trial court erred in holding that plaintiff was not entitled to attorney fees.

Reversed and remanded.

**DEITS, P. J.,** concurring.

I agree with the ultimate result reached by the majority in this case. I also agree with most of the majority's analysis in reaching its result. My concern relates to the majority's discussion of the fourth condition for exemption under ORS 192.502(3), that the "public interest would suffer by disclosure" of the withheld material.

I write to emphasize that I agree with the majority's result only because, under these particular circumstances, there is nothing in those portions of the documents that the majority holds must be disclosed that is source-identifying in *any* way. If there was anything about the information to be disclosed that did identify its source, I would hold that the public interest would suffer from the disclosure.

I strongly believe that while an applicant's interest in knowing what is being said about him or her and by whom is an important one, on balance, a school district's need to receive complete and accurate information in order to perform the critical task of making hiring decisions regarding teachers and administrators must prevail. The public interest in exempting such materials from disclosure is well stated in the affidavit of the District's Human Resources Director in this case:

"As Director of Human Resources it is my position and the position of the defendants that the need to accurately assess a candidate's background, skills, and abilities, is crucial to a school district in the hiring process, and it is accepted and understood throughout the education profession that confidential references will be sought, provided and used in the hiring process.

"\* \* \* \* \*

"If it were subject to public disclosure, the informants would be less than candid in their reports to prospective employers, and in this instance, the District would not be fully able to analyze the applicant's background, his past performance, whether he would be a suitable employee for the District, and whether there is a good likelihood that he would succeed in the position."

Because the disclosure of information from references would have a potential "chilling effect" on the willingness of former employers or others to provide candid information about applicants for teaching and administrative positions, in my view, the public interest requires that it be exempt from disclosure. Here, however, as noted above, after reviewing the pertinent documents, there is simply nothing in the materials that the majority has ordered disclosed that reveals the source of the information. Accordingly, I concur in the majority's opinion.