Cite as: 558 U. S. ____ (2009)                    1

Statement of KENNEDY, J.

# SUPREME COURT OF THE UNITED STATES

DTD ENTERPRISES, INC., AKA TOGETHER, AKA TO-
GETHER-CLARK, AKA TOGETHER DATING SER-
VICE, ET AL. *v.* JANICE H. WELLS, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPERIOR
COURT OF NEW JERSEY, MIDDLESEX COUNTY

No. 08–1407.    Decided October 13, 2009

The petition for a writ of certiorari is denied.

Statement of JUSTICE KENNEDY, with whom THE CHIEF JUSTICE and JUSTICE SOTOMAYOR join, respecting the denial of the petition for writ of certiorari.

This case began with a contract action brought by DTD Enterprises, Inc. (hereinafter petitioner), a commercial dating-referral service, against respondent, one of petitioner's customers. The suit alleged that respondent refused to make payments due under a contract. Respondent answered by bringing a class action against petitioner. The trial court certified the class and ordered petitioner to bear all the costs of class notification, on the sole ground (or so it appears) that petitioner could afford to pay and respondent could not.

To the extent that New Jersey law allows a trial court to impose the onerous costs of class notification on a defendant simply because of the relative wealth of the defendant and without any consideration of the underlying merits of the suit, a serious due process question is raised. Where a court has concluded that a plaintiff lacks the means to pay for class certification, the defendant has little hope of recovering its expenditures later if the suit proves meritless; therefore, the court's order requiring the defendant to pay for the notification "finally destroy[s] a property interest." *Logan* v. *Zimmerman Brush Co.*, 455 U. S. 422, 433-34 (1982). The Due Process Clause requires

a "'hearing appropriate to the nature of the case.'" *Boddie* v. *Connecticut*, 401 U. S. 371, 378 (1971). And there is considerable force to the argument that a hearing in which the trial court does not consider the underlying merits of the class-action suit is not consistent with due process because it is not sufficient, or appropriate, to protect the property interest at stake.

I nonetheless agree with the Court's denial of certiorari, for two reasons. First, the petition is interlocutory; the state appellate courts denied petitioner leave to appeal the trial court's action. Second, petitioner has filed for bankruptcy, and an automatic bankruptcy stay has issued pursuant to 11 U. S. C. §362. Respondents contend that the present action comes within the scope of the automatic stay. If we were to grant the petition we would be required to construe New Jersey law without the aid of a reasoned state appellate court decision and to confront a procedural obstacle unrelated to the question presented. Under these circumstances, it is best to deny the petition. It seems advisable, however, to note that the petition for certiorari does implicate issues of constitutional significance.