This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        NO.   31,987

**NESTOR ALVAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Nestor Alvarez (Defendant) appeals from the district court's denial of his petition for writ of coram nobis or, in the alternative, Rule 1-060(B) NMRA motion (petition), which sought to vacate his 1986 conviction for cocaine possession due to his trial counsel's failure to inform him of the immigration consequences of his plea. Our notice proposed to reverse and remand, and the State has filed a memorandum in opposition. We are not persuaded by the State's arguments and, therefore, reverse and remand for an evidentiary hearing on whether Defendant was denied effective assistance of counsel. Moreover, we instruct that, in the event that the district court on remand determines that Defendant was denied effective assistance of counsel, the district court should afford him the opportunity to withdraw his plea.

Defendant's issue on appeal relates to the central contention that the district court erred in ruling that the requirement counsel inform defendants about the specific immigration consequences prior to a plea does not apply retroactively. [DS 10; RP 86, 138] As background, and as more extensively detailed in our notice, pursuant to a plea, Defendant was convicted in 1986 for possession of cocaine with intent to distribute. [DS 3; RP 112, 115, 118] As a consequence of his plea, Defendant is currently under an order of exclusion from the United States. [DS 4; RP 87, 132] Defendant's petition below asserted that his counsel was ineffective because he

erroneously advised him that there would not be any immigration consequences to his plea. [RP 86-88, 95] Defendant's petition included, as an attachment, his attorney's affidavit, wherein the attorney provided that he did not advise him that deportation would be a likely consequence and that he had no strategic decision for failing to so advise. [RP 134-35; DS 4]

As support for his petition, Defendant relied on *Kentucky v. Padilla*, 130 S.Ct. 1473, 1484 (2010), which holds that deportation advice is not categorically removed from the Sixth Amendment right to counsel and that defense counsel engage in deficient performance if counsel fails to advise defendants that their pleas of guilty make them subject to deportation. New Mexico case law similarly provides that, if a client is a non-citizen, the attorney must advise the client of the specific immigration consequences of pleading guilty and that the failure to provide the required advice regarding immigration consequences will be ineffective assistance of counsel if the defendant suffers prejudice by the attorney's omission. *See State v. Paredez*, 2004-NMSC-036, ¶ 19, 136 N.M. 533, 101 P.3d 799. For relief, Defendant's petition requested that the district court vacate his 1986 conviction or, alternatively, requested "an evidentiary hearing at which evidence in support of claims in this petition may be presented and any factual disputes pertaining to this petition may be resolved." [RP 107-08] Without holding a hearing or receiving a response from the State, the district

court dismissed Defendant's petition based on its ruling that the requirement that counsel inform defendants about the deportation consequences of pleas does not apply retroactively. [RP 138]

Contrary to the district court's ruling, recent case law provides that the *Padilla* and *Paredez* holdings are an extension of a previously entrenched duty to provide representation and are thus retroactive. *See State v. Ramirez*, 2012-NMCA-057, 278 P.3d 569, *cert. granted*, ___-NMCERT-___, ___ N.M. ___, ___P.3d ___ (No. 33,604, June 5, 2012). Given this, we hold that the district court erred in ruling otherwise. In doing so, we acknowledge the State's argument urging us to re-examine application of the *Ramirez* holding, as well as the State's referral to out-of-state cases that have declined to apply the ineffective assistance of counsel rules stated in *Padilla* and *Paredez* retroactively. [MIO 6-7] We decline, however, to revisit *Ramirez* and acknowledge that it is presently before our Supreme Court on a certiorari petition. *See generally State v. Jones*, 2010-NMSC-012, ¶ 59, 148 N.M. 1, 229 P.3d 474 (noting that, in the absence of law to the contrary, a decision from the Court of Appeals is "controlling" even when certiorari has been granted by the Supreme Court). We accordingly hold that the district court erred in refusing to apply retroactively the requirement that counsel inform defendants about deportation consequences of pleas.

Apart from the retroactive application of *Padilla* and *Paredez*, the State argues that Defendant nonetheless failed to make a prima facie showing of ineffective assistance of counsel based on a failure to show he was prejudiced by the deficient advice. [MIO 9-11] *See generally State v. Tran*, 2009-NMCA-010, ¶ 20, 145 N.M. 487, 200 P.3d 537 (providing that, to prove ineffective assistance of counsel with regard to deportation advice, the defendant has the burden to show that the attorney's advice about the consequences of his plea was below an objective standard of reasonableness and that were it not for the attorney's advice, he would not have made the plea or was otherwise prejudiced by counsel's deficient performance). We disagree. Defendant's statement in his verified [RP 108] petition that had he been advised of his plea's deportation consequences, he would have considered options other than those set forth in his plea, [RP 89] together with his attorney's affidavit, [RP 134] is sufficient to make a prima facie showing of ineffective assistance of counsel insofar as he was not advised of the deportation consequences of his plea and, had he been, he would have considered options other than those set forth in his plea. [RP 89] We recognize that, generally, to establish prejudice, a defendant must introduce evidence beyond solely self-serving statements. [MIO 11] *See State v. Carlos*, 2006-NMCA-141, ¶ 20, 140 N.M. 688, 147 P.3d 897. Here, however, Defendant was not even afforded an opportunity to make a specific showing of

5

prejudice because the district court summarily denied his petition based on its incorrect retroactivity determination. For purposes of making an initial prima facie showing of prejudice, Defendant's petition and his attorney's supporting affidavit was more than adequate. *Id.* ¶ 22 (remanding for an evidentiary hearing to determine if the defendant was prejudiced by the deficient performances of his counsel in counseling his plea and noting a preference that the district court on remand provide specific findings or reasons underlying its ultimate determination); *see also State v. Barnett*, 1998-NMCA-105, ¶ 33, 125 N.M. 739, 965 P.2d 323 (remanding for an evidentiary hearing when the record was unclear whether the defendant would have proceeded to trial if competently advised).

We lastly acknowledge the State's suggestion that we hold this case in abeyance, pending resolution of *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011), *cert. granted*, ___ U.S. ___, 132 S. Ct. 2101 (U.S. Apr. 30, 2012) (No. 11-802), which is scheduled for oral argument on October 30, 2012. [MIO 4] However, in light of Defendant's current status as being under an order of exclusion from the United States and the resultant risk of deportation, we believe it is more prudent to allow the matter to proceed.

To conclude, based on the reasoning set forth above and in our notice, we hold that the district court erred in ruling that the requirement that counsel inform

Defendant about the deportation consequences of a plea does not apply retroactively. We accordingly reverse and remand for an evidentiary hearing on whether Defendant was denied effective assistance of counsel. In the event the district court on remand determines that Defendant was denied effective assistance of counsel, we instruct that the district court afford Defendant the opportunity to withdraw his plea.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**