No. 638 July 16, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jill BONG,
*Plaintiff-Appellant,*
*v.*
DOUGLAS EDUCATION SERVICE DISTRICT,
*Defendant-Respondent.*
Douglas County Circuit Court
24CV13310; A184740

Kathleen E. Johnson, Judge.

Submitted June 6, 2025.

Jill Bong filed the brief *pro se*.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

In this action under the public records statutes, ORS 192.314 to 192.338, plaintiff appeals from a denial of her motion for partial summary judgment and a grant of summary judgment in favor of respondent Douglas County Education Service District (ESD). On appeal, plaintiff contends that ESD's cost estimate to produce records was not reasonably related to the actual cost of producing the records in violation of ORS 192.324(4)(a), and that ESD's refusal to produce records within its custody violates ORS 192.329. Because there is a genuine dispute of material fact as to both issues, we reverse and remand.

When reviewing a trial court's decisions on cross-motions for summary judgment, we review the pleadings and the record "to determine if there are genuine issues of material fact, and, if there are none, we decide which party is entitled to judgment as a matter of law." *Wihtol v. Lynn*, 209 Or App 56, 58, 146 P3d 365 (2006), *rev den*, 342 Or 299 (2007). A party is entitled to summary judgment if, viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party, "no objectively reasonable juror could return a verdict for [her] on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

Plaintiff sought records relating to a school within ESD, the Days Creek Charter School. As relevant to her appeal, plaintiff sought email and text communications between a school employee and an ESD employee for a two-month period in 2023. ESD responded that the cost to produce the requested communications would be $302.06. Plaintiff asked for clarification regarding the source for that cost, and ESD provided the following estimate:

| Time & Labor | Cost |
|---|---|
| $96.01 | Processing, final review, redaction, correspondence between requester and ESD |
| $26.17 | review communication |
| $109.80 | Search email system |
| $70.09 | review materials, Redacted emails, and attorney correspondence. |
| $302.06 | |

Plaintiff also requested communications (1) between school employees and a particular third party and (2) between the prior superintendent of the school and a different third party. Regarding those communications, ESD responded to those requests that, although ESD provides IT services to the school and manages its email system, it is not the "custodian" of those records, and it would be more "efficient" for plaintiff to request the records directly from the school.[1]

Plaintiff petitioned the district attorney in Douglas County to review ESD's response. *See* ORS 192.415 (granting a county district attorney power to review public records determinations of local public body within the county). When the district attorney did not respond to her request, plaintiff filed suit. ORS 192.418(2) (if a district attorney fails to act within seven days, "a person may institute proceedings for injunctive or declaratory relief").

Plaintiff, who is *pro se*, then filed a motion titled "motion for partial judgment on the pleadings," and ESD moved for summary judgment. The trial court treated plaintiff's motion and ESD's motion as cross-motions for summary judgment, denied plaintiff's motion, and granted ESD's motion, explaining only that defendants "have complied with ORS 192.329 and there is not a genuine issue of material fact." This appeal followed.

Plaintiff first challenges the determination that ESD's fee estimate complied with ORS 192.324(4)(a), which provides that a public body "may establish fees reasonably calculated to reimburse the public body for the public body's actual cost of making public records available[.]" ESD bears the burden of demonstrating that its costs are reasonably calculated to its actual costs and must provide "specific support" for its assessment. *Davis v. Walker*, 108 Or App 128, 132-33, 814 P2d 547 (1991). That support generally includes an explanation of the reasonableness of the tasks undertaken and, if challenged, an explanation of how the wages paid to complete that task are themselves reasonable. *In Defense of Animals v. OHSU*, 199 Or App 160, 186, 112 P3d 336 (2005); *see also Kessler v. City of Portland*, 340 Or App 185, 198, ___ P3d ___ (2025) (concluding that "[t]he record

---

[1] Days Creek Charter School is the only school in that district.

supports the trial court's finding that the city had not shown that its existing method of calculating fees was reasonably calculated to reimburse the city for the actual cost of making public records available").

ESD outlined the estimate of the $302.06 it charged plaintiff as follows:

- $96.01: "Processing, final review, redaction, correspondence between requester and ESD"

- $26.17: "review communication"

- $109.80: "Search email system"

- $70.09: "review materials, Redacted emails, and attorney correspondence."

Plaintiff contends that ESD failed to explain how any of the costs are reasonable. For example, she sought an explanation for why it costs $109.80 to "search email system" as well as why she is being charged three times for "review." Indeed, the cost estimate the district provided included "final review," "review communication," and "review materials" to support three different dollar amounts. Plaintiff also questioned why she was being charged twice for "redaction" as well as why she is being asked to pay for communication between herself and ESD, and for an ESD employee to communicate with an attorney.

The only explanation ESD offered for those charges in support of its motion for summary judgment was a sworn statement from an ESD employee:

> "The estimate was reasonable and based on the estimated cost to the ESD of retrieving and processing the requested records. The fee estimate includes no attorney's fees, but does include some of my time spent communicating with our attorneys. That is what is meant by the 'attorney correspondence' notation."

That explanation is insufficient to meet ESD's burden because it does not provide any support for its assessment that the costs are reasonably calculated to its actual costs directly associated with producing the requested records. Although a public body is authorized to recoup fees for the "actual cost of making public records available," which can

include "costs for summarizing, compiling or tailoring the public records, either in organization or media, to meet the request," it cannot merely assert that the costs are reasonable without any support. ORS 192.324(4)(a); *see In Defense of Animals*, 199 Or App at 186 (public body did not meet its burden to support charge for "review" when record contained no evidence of what was reviewed or of why professional review was required). Without an adequate explanation for why those specific costs were necessary or appropriate, ESD failed to meet its burden of production, and the trial court erred in granting it summary judgment on that claim.

Plaintiff next challenges the trial court's conclusion that ESD's refusal to provide the requested communications between school employees and the particular third parties complied with ORS 192.329. In its response to plaintiff's request, ESD acknowledged that it provided IT services to the school, but "recommended" that the more efficient approach would be for plaintiff to request the materials directly from the school. And in support of its motion for summary judgment, ESD provided an affidavit from the superintendent of ESD averring that ESD was not the "custodian of those records and cannot produce them to a member of the public without the permission of [the school]." In response, plaintiff asserted that a "genuine issue of material fact exists as to if [ESD] is the custodian of [the] records." Additionally, as support for her position that ESD was the custodian, she pointed to an email that she received from the current superintendent of the school *prior to* the instant public records request stating that he "does not have access to the prior [superintendent of the school's] email accounts" and that those records "would likely be managed by the ESD."

For purposes of the public records statutes, "custodian" is defined as:

> "A public body mandated, directly or indirectly, to create, maintain, care for or control a public record. 'Custodian' does not include a public body that has custody of a public record as an agent of another public body that is the custodian *unless the public record is not otherwise available*."

ORS 192.311(2)(b) (emphasis added).

Having reviewed the pleadings and the record, there is a genuine issue of material fact as to whether ESD is the custodian of the records, and the trial court erred in granting summary judgment in favor of ESD. That is because there is a genuine issue of material fact as to whether ESD meets the definition of a custodian in that it has custody of the public record as an agent of another public body and the record is not otherwise available; as noted, at least with regard to certain records—*i.e.*, the emails of the prior superintendent—the current superintendent of the school asserted that he did not have access to them.

Thus, in sum, there is a genuine dispute of material fact as to the reasonableness of fees and whether ESD is the custodian of the school's email communications, and the trial court erred in granting summary judgment in favor of ESD.

Regarding the trial court's denial of plaintiff's motion for partial summary judgment, on appeal, plaintiff does not present a developed argument as to how the trial court erred in denying her motion for partial summary judgment, particularly in the context of her having asserted in the trial court that disputed facts exist as to all her claims. Indeed, plaintiff did not present any evidence that certain requested communications—such as those between school employees (other than the prior superintendent) and the particular third party—were not available from the school. We therefore conclude that the trial court did not err in denying her motion for partial summary judgment. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself.").

Reversed and remanded.